UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADIUS GLOBAL SOLUTIONS LLC,<br>50 W. Skippack Pike<br>Ambler, Pennsylvania  19002<br><br>        Plaintiff,<br><br>            v.<br><br>HOBSONS, INC.,<br>50 E-Business Way, Suite 300<br>Cincinnati, Ohio  45241<br><br>        Defendant. | CIVIL ACTION NO._____<br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY TRIAL DEMAND**

Radius Global Solutions LLC, by and through its undersigned counsel, files this civil action against Hobsons, Inc. ("Hobsons" or "the Defendant") as follows:

**THE PARTIES**

1.   Plaintiff Radius Global Solutions LLC ("Radius") is a Pennsylvania limited liability corporation with its principal place of business at 50 Skippack Pike Ambler, PA 19002.

2.   Radius is an industry leader in customer relation management services, particularly as they relate to accounts receivable management and customer care solutions.

3.   Since at least as early as 2007, Radius and its

141184.00101/101188556v.1

predecessor-in-interest have offered these services under the trademark RADIUS. As a result of Radius' longstanding use of its RADIUS Marks and substantial marketing efforts relating thereto, consumers have come to associate RADIUS with Plaintiff's customer care solutions. Radius is also the owner of a number of federal service mark applications, including Application Serial Nos. 86/480,132 for RADIUS; 86/480,138 for RADIUS (stylized design); 86/480,123 for RADIUS GLOBAL SOLUTIONS (collectively, "the RADIUS marks").  See, e.g., below; see also U.S. Trademark Applications attached hereto as Exhibit A.



4.    Upon information and belief, Hobsons, Inc. is a Delaware Corporation, with a principal places of business located at Suite 300, 50 E-Business Way, Cincinnati, Ohio 45241.

5.    Upon information and belief, the Defendant conducts business under the name Radius by Hobsons, which is located on the Internet at the URL <radius.hobsons.com>. See below.

141184.00101/101188556v.1           2

**RADIUS** by **HOBSONS**

6. Upon information and belief, the Defendant is the owner of U.S. Trademark Application Serial No. 86/146,409 ("the '409 Application") for the standard character mark RADIUS in International Classes 035, 041, and 042. See U.S. Trademark Application attached hereto as Exhibit B. On July 22, 2014, the '409 Application was published for opposition pursuant to 15 U.S.C. § 1062(a).

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 in that the claims arise under the laws of the United States. Specifically, this Court has subject matter jurisdiction over the counts relating to federal trademark infringement, false designation of origin, and cybersquatting pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1332 and 1338.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Radius' state law and common law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant: transacts business within and has availed itself of this forum; engages in a persistent course of conduct in this forum; expects, or should reasonably expect, its acts to have legal consequences in this forum; and maintains substantial, systematic, and continuous minimum contacts in this forum.

10. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that a substantial part of the events that give rise to the claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

**The Business and Marks of Radius Global Solutions LLC**

11. Radius and its predecessor-in-interest, Radius Solutions, Inc., have continuously used the RADIUS Marks in connection with "customer relationship management services" since at least as early as 2007, well prior to the December 17, 2013 filing date of Hobson's trademark application.

12. As a result of Radius' longstanding, substantially

exclusive and widespread promotion and use of the RADIUS Marks, as well as its adherence to strict standards of quality control, the marks have acquired significant goodwill and have come to be strongly associated with Radius' customer relationship and accounts receivable management services. As such, the RADIUS Marks are valid and enforceable under the provisions of the Lanham Act.

### Defendant's Unlawful Acts Related to Use of the <radius.hobsons.com> Domain Name and the RADIUS Marks

13.  On February 13, 2015, Defendant, by and through counsel, corresponded with Radius regarding Radius' use of and applications to register the RADIUS Marks with the United States Patent and Trademark Office ("USPTO"). Defendant's correspondence asserted *inter alia* (i) superior rights in the RADIUS marks by virtue of the December 17, 2013 filing date of the '409 Application and (ii) a likelihood of confusion between the mark that is the subject of the '409 Application and the RADIUS Marks, and demanded that Radius cease and desist from all use of the RADIUS Marks in connection with "customer relationship management services." See Correspondence attached hereto as Exhibit C.

14.  Recognizing that its rights the RADIUS Marks were superior to those Defendant purported to assert in its original correspondence, Radius responded with its own demand that Defendant cease and desist its use of the word "Radius" in connection with its services, or any other mark, logo, or other source indicia that is identical or confusingly similar thereto or premised in whole or in part upon "Radius" and to delete "customer relationship management services" from the recitation of services in the '409 Application. See id.

15.  On or around March 26, 2015, the Examining Attorney cited the '409 Application against all of the pending RADIUS Marks as a prior-filed application that, if it were to register, could bar registration under 15 U.S.C. § 1052(d) on the grounds that the mark that is the subject of the '409 Application is confusingly similar to the RADIUS Marks. See Office Action dated March 26, 2015 attached hereto as Exhibit D.

16.  On or around May 4, 2015, the Defendant, despite having received verifiable, written notice of Radius' use of the RADIUS Marks at least as early as 2007, filed with the USPTO an amendment to allege use in the '409 Application, alleging a first use in commerce of April 28, 2014.  Accompanying Defendant's statement of use was a printout from Defendant's website purporting to establish Defendant's use of its applied-

for RADIUS Mark in commerce. See Amendment to Allege Use filed May 4, 2015 attached hereto as Exhibit E.

17. To date, the parties have been unable to resolve their dispute regarding the RADIUS Marks, and upon information and belief, Defendant continues to offer the services set forth in the '409 Application under using the word "Radius" (e.g., customer relationship management), despite repeated demands from Plaintiff to cease and desist use of its RADIUS mark and to delete "customer relationship management" from the recitation of services in the '409 Application in view of Plaintiff's superior rights in the RADIUS Marks.

18. Defendant's unlawful use of the mark that is the subject of the '409 Application constitutes unfair competition and false designation of origin under the Lanham Act and has caused, and will continue to cause, confusion in the minds of Radius' existing and potential consumers.

19. Upon information and belief, Defendant's continuing use of marks, logos, and/or other indicia of source which are confusingly similar to the RADIUS Marks, including without limitation the use of the <radius.hobsons.com> domain name and the stylized "D" displayed therein, is an attempt to capitalize and trade off on the recognition, reputation, and goodwill of the RADIUS Marks.

20. As evidenced by Defendant's own correspondence and the Examining Attorney's citation of the '409 Application against the pending applications for the RADIUS Marks, reasonable, ordinary consumers will mistakenly believe that Defendant's services are owned, operated, sponsored, or approved by Radius.

21. Defendant's unauthorized conduct causes Radius to suffer irreparable injuries for which it has no adequate remedy at law.

22. All such conduct by the Defendant was and continues to be in bad faith, willful, deliberate, and in knowing violation of the law.

### Count I

### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

23.  The allegations of paragraphs 1 through 22 are re-incorporated as if fully alleged herein.

24.  Defendant has knowingly and intentionally used, and continues to use marks, logos, and other source indicia that are confusingly similar to the RADIUS Marks, without the consent of Radius, including without limitation the mark that is the subject of the '409 Application.

25.  Defendant has used in commerce, and continues to use in commerce, the mark that is the subject of the '409 Application to advertise, promote, offer, and market its services.

26.  Defendant's actions are likely to cause confusion among consumers as to the origin, sponsorship, or approval of Defendant's goods or services.

27.  Defendant's actions violate Lanham Act section 43(a), 15 U.S.C. § 1125(a), in that Defendant's use in interstate commerce of marks, logos, and other indicia of source that are confusingly similar to the RADIUS Marks, constitutes unfair competition and false designation of origin.

28. As a direct and proximate result of Defendant's actions, Radius is entitled to recover Defendant's illicit profits from the infringement, Radius' actual damages, and reasonable attorney fees, pursuant to 15 U.S.C. § 1117(a).

29. As a result of Defendant's conduct, Radius has suffered and continues to suffer irreparable damage to its reputation, business and goodwill, which injury and damage cannot be adequately quantified at this time.

30. Radius has no adequate remedy at law and is therefore entitled to injunctive relief.

## Count II
### Common Law Trademark Infringement

31. The allegations of paragraphs 1 through 30 are re-incorporated as if fully alleged herein.

32. Radius owns and enjoys in the Commonwealth of Pennsylvania and throughout the United States common law trademark rights in the RADIUS Marks.

33. On information and belief, Defendant's acts have been committed knowingly, in bad faith, and with the intent to cause confusion, mistake, and deception among consumers.

34. Defendant's actions constitute infringement of Radius' common law rights in the RADIUS marks.

35. As a result of Defendant's actions, Radius has suffered and continues to suffer irreparable damage.

36. Radius has no adequate remedy at law and is therefore entitled to injunctive relief.

### Count III
### Violation of the Federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(D)

37. The allegations of paragraphs 1 through 36 are re-incorporated as if fully alleged herein.

38. Upon information and belief, the RADIUS Marks were federally registrable trademarks entitled to full protection under the Lanham Act at the time Defendant registered and/or began using the <radius.hobson.com> domain name.

39. The domain name, <radius.hobson.com>, is confusingly similar to, if not identical to, Plaintiff's RADIUS Marks.

40. Defendant is not known as or doing business as Radius and has no rights in the RADIUS Marks or in any marks, logos, or other source indicia that are confusingly similar thereto, including without limitation the mark that is the subject of the '409 Application.

41. Defendant registered and used the domain name, <radius.hobson.com>, with a bad faith intent to profit thereby.

42. Defendant's bad faith is evidenced, inter alia, by: registration of the confusingly similar domain name; the

inclusion of a stylized "D" in the logo displayed thereon; the refusal by Defendant to cease and desist from using the <radius.hobson.com> domain name; and the demand for Radius to cease and desist from using its own RADIUS Marks despite being on notice of Radius' continuous and substantially exclusive use of those marks since at least as early as 2007.

43. Defendant's unlawful conduct constitutes cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

44. Defendant's deliberate and wrongful acts of cybersquatting have caused great injury and damage to Radius and Radius' goodwill, which injury and damage cannot be adequately quantified at this time.

45. Radius has no adequate remedy at law and is therefore entitled to injunctive relief.

## Count IV
**Violation of The Pennsylvania Unfair Trade Practices and Consumer Protection Law under 73 P.S. § 201-1**

46.   The allegations of paragraphs 1 through 45 are re-incorporated as if fully alleged herein.

47.   Defendant's use of "Radius" in connection with its customer relationship management services is a false description or designation of origin, a false or misleading description of fact, or false or misleading description with respect to the services offered which is likely to deceive consumers as to the origins of those services.

48.   On information and belief, Defendant's acts were done knowingly and in bad faith.

49.   As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable damage.

50.   Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Radius respectfully requests that this Court grant the following relief against Defendant:

    A.   Judgment be entered in favor of Radius and against Defendant;

    B.   Defendant pay damages incurred by Radius as a

result of Defendant's unlawful acts;

 C. Defendant, and any officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors, and all persons in active concert or participation with Defendant, be enjoined from directly or indirectly:

  i. using the RADIUS marks, or any marks, logos, or other source indicia confusingly similar thereto, alone or in combination with other words, as a trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, offer for sale, or provide any goods or services, including each and every one of the following: accounts receivable management services; customer relationship management; outsource service provider in the field of customer relationship management; accounts receivable financing; debt recovery and collection services; debt collection agencies; financial consulting services in the field of healthcare and revenue cycle management;

  ii. otherwise infringing the RADIUS Marks;

  iii. continuing acts of false designation of origin or unfair trade practices, or doing any acts

that may cause Defendant's services to be mistaken for, confused with, or passed off as, Radius' services;

 iv. applying for or attempting to register with any governmental entity, including but not limited to the USPTO, any trademark or service mark consisting in whole or in part of the RADIUS Marks or any mark that is confusingly similar thereto;

 v. interfering with Radius' use of the RADIUS marks, including without limitation Radius' related federal trademark applications;

 vi. interfering with Radius' use and registration of its domain names, <radiusgs.com> and <radiusarm.com>.

D. Defendant be directed to file with this Court and to serve on Radius, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. Defendant be required to remove any and all reference to the RADIUS Marks and any marks, logos, or other source indicia that are confusingly similar thereto from its website(s), HTML code, search engine query terms

and any other electronic communications hosts, links and devices;

    F.    Defendant be ordered to remove from its website(s) any domain name consisting, in whole or in part, of the RADIUS marks, including without limitation the <radius.hobsons.com> domain;

    G.    Defendant be ordered to file a Request for Express Abandonment of Application Serial No. 86/146,409, with the USPTO, and to file with the Court and serve on Radius within thirty (30) days a report confirming that the Request for Express Abandonment was filed with the USPTO;

    H.    Defendant be ordered to pay costs of this action, including attorney's fees, incurred by Radius, pursuant to 15 U.S.C. § 1117; and

    I.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims that may be tried before a jury.

Respectfully submitted,

BLANK ROME LLP

Dated: July 7, 2015

Timothy D. Pecsenye
Steven M. Johnston
Dennis P. McCooe
One Logan Square
Philadelphia, PA  19103
(215) 569-5767/5580 (telephone)
(215) 832-5767/5580 (facsimile)

Attorneys for Plaintiff
Radius Global Solutions LLC